UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARBARA MARIE ANDINO,
    Plaintiff,

vs.                              Case No.:  3:24cv437/TKW/ZCB

HENDERSON BEACH RESORT
AIMBRIDGE HOSPITALITY,
    Defendant.

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's Motion for Default Judgment. (Doc. 8). In that motion, Plaintiff argues that she is entitled to a default judgment because Defendant has not answered her complaint. (*Id.* at 1). For the reasons below, it is respectfully recommended that Plaintiff's motion be denied.

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within a specified time "after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff claims that she served Defendant on October 29, 2024, by way of a process server. (Doc. 8 at 1; Doc. 7 at 2). And she claims that Defendant has yet to file a responsive pleading.

There is a two-step procedure for obtaining a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a), (b). First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after receiving an entry of default, the party must apply for a default judgment. *See* Fed. R. Civ. P. 55(b). "The law is clear that these two separate steps cannot be combined into one . . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC*, No. 3:09-cv-232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Here, there has been no entry of default. Thus, even if Plaintiff has served Defendant[1] and Defendant has failed to respond, Plaintiff's

---

[1] Plaintiff purports to have served Defendant by providing the service

motion for default judgment would be premature. *See Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (explaining that "the Plaintiff's Motion for Default Judgment is premature because he has failed to obtain the entry of default, a prerequisite to a default judgment").

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. 8) be **DENIED**.

At Pensacola, Florida, this the 3rd day of December 2024.

/s/*Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the</u>

---

documents to Defendant's "finance director." (Doc. 7 at 2). The Court, however, notes it has some initial skepticism regarding whether serving the "finance director" satisfies the requirements of Rule 4(h)(1). *See* Fed. R. Civ. P. 4(h)(1) (allowing business entities to be served by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by law to receive service of process and—if the agent is authorized by statute and the statute so requires— by also mailing a copy of each to the defendant"). Plaintiff is advised that she must comply with the requirements of the Federal Rules of Civil Procedure to ensure valid service of process. And a default judgment cannot be obtained unless there has first been proper service.

court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.